# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BRANNON LLOYD BRAGGS, #1273528,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-0986-P** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in

implementation thereof, this cause has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a *pro se* petition for a writ of habeas corpus brought by a state inmate

pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently confined within the Texas Department of Criminal Justice

-- Correctional Institutions Division (TDCJ-CID).  Respondent is the Director of TDCJ-CID.

The Court did not issue process pending preliminary screening.

Statement of Case: On March 12, 2004, Petitioner entered an open guilty plea to the

offense of robbery and pleas of true to two enhancement paragraphs in Criminal District Court

No. 4 of Dallas County, Texas, in Cause Nos. F03-57134-PK.  *See Braggs v. State*, 05-05-

00218-CR, slip op. at 1 (Tex. App. -- Dallas May 15, 2006).  The trial court found the

enhancement paragraphs true, deferred adjudication of guilt, and placed Petitioner on community

supervision for ten years. *Id.* Thereafter, the State filed a motion to adjudicate guilt. *Id.* During

the adjudication hearing, the trial court informed Petitioner that one of the enhancement

paragraphs was invalid. *Id.* The trial court also informed Petitioner of the punishment range

without the invalid enhancement paragraph and offered him the opportunity to withdraw his

guilty plea. *Id.* Petitioner chose to proceed and entered oral and written pleas of true to the

allegations in the State's motion to proceed with adjudication of guilt. *Id.* The trial court then

adjudicated Petitioner guilty and assessed punishment at five years in prison. *Id.* On May 15,

2006, the Fifth District Court of Appeals at Dallas affirmed the trial court's judgments. *Id.*[1]

On February 12, 2007, Petitioner filed a state habeas application pursuant to art. 11.07,

Texas Code of Criminal Procedure. *See* Attachment I (Judicial Information for Cause No. W03-

57134-A). On April 4, 2007, the Texas Court of Criminal Appeals (TCCA) denied the

application without written order. *Ex parte Braggs*, WR-67,173-01, http://www.cca.courts.

state.tx.us/opinions/Case.asp?Filing ID=250635 (docket sheet information generated Jun. 7,

2007) (Official internet site of the Texas Court of Criminal Appeals).

On June 4, 2007, Petitioner filed the federal petition at issue. He challenges the

constitutionality of the one-year statute of limitations, and the prosecutor's conduct during the

art. 11.07 proceedings. He also challenges his conviction on the basis of the Double Jeopardy

Clause. (Pet. at 7).[2]

---

[1]     For a copy of the appeal decision and docket sheet consult the following links:
http://www.courtstuff.com/FILES/05/05/05050218.HTM.

[2]     For purposes of this recommendation, the petition is deemed filed on May 29,
2007, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v.
Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for
determining application of the AEDPA when the prisoner tenders it to prison officials for

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006).[3]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

(1)    Claim Related to Petitioner's Underlying Guilty Plea

Petitioner's double jeopardy claim (ground 3) relates to his underlying guilty plea. Petitioner alleges that the robbery offense at issue in this case, and a misdemeanor offense for theft under $50, stem from the same occurrence in violation of the Double Jeopardy Clause.

Petitioner alleges no state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that

_____

mailing).

[3]    On June 7, 2007, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed a response to the Court's show cause order on June 28, 2007, challenging only the constitutionality of the one-year statute of limitations.

prevented him from timely raising this claim. Nor does he base his ground on any new

constitutional right under subparagraph (C). With regard to subparagraph (D), the Court

determines that the facts supporting this ground became or could have become known prior to

the date on which Petitioner's deferred adjudication probation became final. Therefore, the

Court calculates the one-year statute of limitations from the date his deferred adjudication

probation became final at the conclusion of direct review or upon the expiration of the time for

seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

In *Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431

(2006), the Fifth Circuit Court of Appeals held that an order of deferred adjudication probation

following a plea is a final judgment for purposes of § 2244(d)(1)(A) upon the expiration of the

time for seeking direct review. The Court noted that "[u]nder Texas law, a defendant must file a

notice of appeal 'within 30 days after the day sentence is imposed or suspended in open court.'"

*Id.* (quoting Tex. R. App. P. 26.2(a)(1)).

Applying *Caldwell*'s holding to this case, Petitioner's deferred adjudication probation

became final for purposes of § 2244(d)(1)(A) on April 11, 2004, thirty days after Petitioner pled

guilty and the trial court deferred adjudicating him guilty, and placed him on community

supervision. The one-year limitations period began to run on April 12, 2004, and expired one

year later on April 11, 2005. Petitioner did not file this federal habeas petition until May 29,

2007, more than two years after the limitations period expired. Although 28 U.S.C. § 2244(d)(2)

tolls the limitations period during the pendency of state habeas proceedings, Petitioner's art.

11.07 application was not pending in state court during the one-year period. Therefore,

Petitioner's claim challenging his original guilty plea is time barred unless the one-year period is

tolled on equitable grounds.

The Supreme Court has not decided whether equitable tolling of the AEDPA limitations period is available. *See Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007). Nevertheless, in *Lawrence*, the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id.* In accord with *Lawrence*, the Fifth Circuit has held that "equitable tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir.1998)); *see also Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007), *pet. for cert. filed* (Jun. 26, 2007) (No. 07-6248).

It is unsurprising that Petitioner took no action to raise the double jeopardy claim related to his underlying guilty plea prior to the revocation of his community supervision. By any standard he had obtained a very favorable disposition of the criminal charges in avoiding a prison term on the criminal charge at issue in this case.

Even if Petitioner was unaware of the appeal rights stemming from the orders placing him on community supervision, this is insufficient to warrant application of equitable tolling. Mere ignorance of the law is not a circumstance warranting application of equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (1999) ("Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of

5

representation during the applicable filing period merits equitable tolling).

Moreover, Petitioner's own allegations reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner delayed filing his state writ by two years and eleven months after he was placed on community supervision. Petitioner's lack of due diligence did not end here. Upon receiving notice that his state writ had been denied on April 4, 2007, he did not immediately file this federal petition in this case. Rather he waited for an additional 55 days before mailing the same. These delays – clearly of Petitioner's own making – do not constitute due diligence or rare and extraordinary circumstances warranting equitable tolling. It is well established that "equity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d at 715.

Therefore, Petitioner is not entitled to equitable tolling and his double jeopardy claim, related to his underlying guilty plea, should be dismissed as time barred.

(2)     Remaining Claims

Next Braggs challenges the constitutionality of the AEDPA. He appears to claim that finding his petition barred by the statute of limitations violates the United States Constitution. His contention is meritless. The Suspension Clause of the United States Constitution provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." U.S. Const. art. I, § 9, cl. 2. Whether the one-year limitations period violates the Suspension Clause depends on whether the limitations period renders the habeas remedy inadequate or ineffective to test the legality of detention. *See Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d

390, 392 (5th Cir. 1999); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Petitioner has not

shown that the habeas remedy was inadequate. No outside force prevented him from filing a

petition before the limitations period expired. He merely appears to rely on his *pro se* status.

The Court concludes the application of the one-year statute of limitations in this case

does not amount to a violation of the Suspension Clause. First, § 2244(d) does not foreclose

habeas corpus relief for those who diligently pursue their claims. *See Miller*, 141 F.3d at 978.

Petitioner's deferred adjudication became final on April 11, 2004. He had from that time until

April 11, 2005, to file an art. 11.07 application[4] and a § 2254 petition without being subject to

the one-year limitation period, but he failed to do so. Second, § 2244(d) is not jurisdictional and

as a limitations period may be subject to equitable tolling. As noted above, however, Petitioner

has not presented any facts which would support equitable tolling in this case. His *pro se* status

in and of itself does not present a sufficient basis for equitable tolling. *See Turner*, 177 F.3d at

391-92. Moreover, while the one-year limitations period might raise serious constitutional

questions where it forecloses the opportunity for habeas relief for one who is actually innocent of

the crime for which he was convicted, Petitioner has not shown that he has reliable new evidence

that establishes his actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Petitioner's second ground -- that the prosecutor engaged in miscarriage of justice during

the art. 11.07 proceeding -- should likewise be summarily dismissed. Infirmities in collateral

proceedings are not grounds for federal habeas corpus relief. *See Rudd v. Johnson*, 256 F.3d

317, 319-20 (5th Cir. 2001) (citing *Trevino v Johnson*, 168 F.3d 173, 180 (5th Cir. 1999);

---

[4]*See* § 2244(d)(2) which tolls the limitation period during the pendency of a properly
filed state application for collateral review.

*Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182

(5th Cir. 1992); *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984)).

RECOMMENDATION:

For the foregoing reasons it is recommended that Petitioner's double jeopardy claim

(ground 3) be DISMISSED with prejudice as barred by the one-year statute of limitations, *see* 28

U.S.C. § 2244(d)(1), and that his claims challenging the constitutionality of the one-year statute

of limitations, and the prosecutor's miscarriage of justice during the state habeas proceeding

(grounds 1 and 2) be summarily DISMISSED because Petitioner is not entitled to relief on such

claims, *see* Rule 4 of the Rules Governing Section 2254 proceedings.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 9th day of November, 2007.

Wm.F. Sanderson, Jr.

_____

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**